**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| Alice McKenna ) | |
| 11813 Rosalinda Drive ) | CIVIL NO. |
| Potomac, MD 20854-3533 ) | |
| ) | |
|    Plaintiff ) | |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| CAPITAL MANAGEMENT SERVICES, LP ) | |
| 726 Exchange Street, Suite 700 ) | |
| Buffalo, NY 14210 ) | |
| ) | |
|    **Serve On**: ) | |
|    Resident Agent ) | |
|    CSC-Lawyers Incorporating Service Co ) | |
|    7 St. Paul Street, Suite 1660 ) | |
|    Baltimore, MD 21202 ) | |
| ) | |
|    Defendant ) | |

**COMPLAINT AND JURY TRIAL DEMAND**

**COMES NOW**, Plaintiff, Alice McKenna, by and through her undersigned counsel and files the instant Complaint and Jury Trial Demand against the Defendant, Capital Management Services LP, (hereinafter "Defendant") and states as follows:

**I.    INTRODUCTORY STATEMENT**

1.    The Plaintiff, Alice McKenna, brings this action for actual and statutory damages and other appropriate relief against the Defendant for violations of various federal and state consumer protection laws which, among other things, govern the conduct of debt collectors from prohibiting abusive, deceptive and unfair practices. Specifically, the Defendant is in violation of the following statutes:

    a.    The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA") prohibits abusive, deceptive and unfair practices in the

      collection of consumer debt, among other things such as debt validation. A debt collector in violation of the FDCPA is liable for statutory and actual damages as well as attorneys' fees and costs.

  b.  The Maryland Consumer Debt Collection Act ("MCDCA") expressly prohibits debt collectors from engaging in certain collection practices, such as communicating with a debtor in a manner that reasonably can be expected to abuse or harass the consumer *Md. Code Ann., Com. Law §§ 14-202 (6)*. A collector who violates the MCDCA "is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury" *Md. Code Ann., Com. Law §§ 14-203*.

  c.  A violation of the MCDCA constitutes a *per se* violation of the Maryland Consumer Protection Act ("MCPA") *Md. Code Ann., Com. Law § 13-301(14)*. In addition to the availability of certain injunctive relief through the Office of the Attorney General for the State of Maryland, a person who institutes legal action for a MCPA violation may request relief for actual damages and reasonable attorneys' fees *Md. Code Ann., Com. Law § 13-408.*.

## II.   JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## III.   PARTIES

4.   Plaintiff, Alice McKenna, is an adult natural person who resides in the Montgomery County in the State of Maryland, and is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

5.   Defendant, Capital Management Services, LP, is a "debt collector" as defined under the FDCPA, 15 U.S.C. § 1692a(6), a "collector" as defined by the MCDCA and is registered as a "collection agency" in the State of Maryland actively operating from

the following addresses[1]:

    726 Exchange Street                        700 Executive Center Drive
    Suite 700                                       Suite 300
    Buffalo, NY 14210                       Greenville, SC 29615-0000

### IV.    FACTS

6.    On or about January 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

7.    Sometime thereafter, the alleged debt was assigned, consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

*Communications at Inconvenient Times*

8.    In March 2011, Defendant sent a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9.    Specifically, Defendant contacted Ms. McKenna after 9:00 p.m. on eight (8) separate occasions.  For example, Ms. McKenna received two (2) telephone calls after 9:00 p.m. on April 1, 2011, and as late as 10:48 p.m.

10.    The Defendant has flagrantly disregarded the FDCPA prohibition on a debt collector contacting a consumer after 9:00 p.m.

*Repetitive and Continuous Communications*

11.    Defendant telephoned Ms. McKenna repeatedly on her cell phone, which

---

[1] Defendant's address and resident agent set forth in the caption of the instant Complaint was obtained from the Department of Assessments and Taxation for the State of Maryland.  The addresses set forth in ¶5 were obtained from the Department of Labor, Licensing and Regulation's Financial Regulation Public Query search for registered collection agencies in the State of Maryland (*https://www.dllr.state.md.us/cgi-bin/fin_reg_el/rel2/FinReg_search.cgi*).

she uses both personally and professionally. For example, between March 5, 2011 and April 4, 2011, Defendant called Ms. McKenna fifty-five times. Defendant called Ms. McKenna seven (7) times on April 1, 2011 and three (3) times within a 15 minute period on March 29, 2011.

12. The frequent, continuous and repeated phone calls by Defendant have caused Ms. McKenna mental anguish and emotional distress.

### *Communications Regarding Representation*

13. On or about Labor Day of 2010, Ms. McKenna informed Defendant that she was represented by an attorney related to the specific debt.

14. Despite this, Defendant continued to telephone Ms. McKenna repeatedly and continuously.

15. On or about Memorial Day of 2011, Ms. McKenna once again informed Defendant that she was represented by an attorney related to the specific debt that was the subject of the Defendant's collection efforts.

16. Defendant ignored Ms. McKenna's assertion that she was represented by counsel and continued to telephone her incessantly and aggressively.

### *Summary*

17. All of the above-described collection communications made by Defendant to Ms. McKenna through and by its agents were made in direct violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the FDCPA provisions cited herein.

18. These collection communications caused Ms. McKenna to suffer from anxiety and emotional distress in her personal and professional life and have interfered

with her daily personal and professional activities.

19. Specifically, Defendant's repeated and relentless conduct violated the FDCPA and the MCDCA when it caused Plaintiff's telephone to ring at all times, including strictly prohibited times, and did annoy, abuse, and harass Ms. McKenna as well as further exacerbate Ms. McKenna's injuries when it continually ignored her multiple and express statements that she was represented by counsel concerning the exact consumer debt that was the subject of Defendant's unlawful collection efforts and that Defendant was to contact her attorney. Consequently, the Defendant is in violation of the following FDCPA provisions:

*15 U.S.C. §1692d(5):* causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

*15 U.S.C. §1692c(a)(1):* at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location; and

*15 U.S.C. §1692c(a)(2):* if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

The Defendant is additionally in violation of the following MCDCA provision:

*Md. Code Ann., Com Law II §14-202(6):*

Communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor;

And, a violation of the MCDCA constitutes a *per se* violation of *Md. Code Ann., Com. Law § 13-301(14)*.

### V.   CAUSES OF ACTION

#### COUNT I
#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### 15 U.S.C. § 1692 *et seq.*

20. Plaintiff incorporates by reference paragraphs 1-19 above of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of the Defendant constitute a violation of the FDCPA, specifically 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(2) and 1692d(5).

22. As a result of the Defendant's violation of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), actual damages and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

#### COUNT II
#### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
#### MD. CODE ANN., COM LAW II §§ 14-201 - 14-204

23. Plaintiff incorporates by reference paragraphs 1-22 above of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of the Defendant and its agents constitute a violation of the MCDCA, including but not limited to §§ 14-201 - 14-204.

25. As a result of the Defendant's violation of the MCDCA, Plaintiff is therefore entitled to actual damages and reasonable attorney's fees pursuant to § 14-204 from the Defendant herein.

## COUNT III
### VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT
### MD. CODE ANN., COM. LAW § 13-301 *et seq.*

26. Plaintiff incorporates by reference paragraphs 1-25 above of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of the Defendant and its agents constitute a violation of the MCPA, specifically § 13-301(14).

28. As a result of the Defendant's violation of the MCPA, Plaintiff is therefore entitled to actual damages and reasonable attorney's fees pursuant to § 14-204 from the Defendant herein.

### VI.    PRAYER FOR RELIEF

WHEREFORE, to redress the injuries caused by Defendant's conduct as stated in Paragraphs 1-28 above, Plaintiff hereby requests the following relief:

A. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

B. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;

C. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and MCPA § 13-408 against the Defendant;

D. an award of actual damages pursuant to the MCDCA § 14-203 and MCPA § 13-408; and

E. such other and further relief as may be just and proper.

### VI.    JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims so triable.

Dated: August 15, 2011                     Respectfully submitted,


/s/ Morgan W. Fisher
Morgan W. Fisher, Esq.
Attorney I.D.#28711
LAWRENCE & FISHER PLLC
155 Duke of Gloucester St.
Annapolis, MD 21401
Telephone:  (410) 626-6111
Facsimile: (866) 393-4828
mwf@lawrence-fisher.com


s/ Amy K. Kline
Amy K. Kline, #08382
35 Franklin Boulevard
Reisterstown, MD 21136
Telephone: 410.526.9551
Facsimile: 410.526.9554
ab.kline@yahoo.com

 Attorneys for Plaintiff