IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| ALICE MCKENNA<br><br>    Plaintiff<br><br>vs.<br><br>CAPITAL MANAGEMENT SERVICES, LP<br><br>    Defendant | CIVIL ACTION NO.:  8:11-CV-02264-RWT |

## ANSWER TO COMPLAINT

Capital Management Services, LP, by and through counsel, in answer to the Complaint filed herein states as follows:

1. Defendant admits that Plaintiff has brought an action for violations of federal and state consumer protection laws but denies that she is entitled to any of the relief requested.

2. The allegations in Paragraph 2 of the Complaint relate to jurisdiction for which an answer either admitting or denying the assertions is not required.

3. The allegations in Paragraph 3 of the Complaint relate to venue for which an answer either admitting or denying the assertions is not required.

4. In answer to the allegations in Paragraph 4 of the Complaint, Defendant admits, upon information and belief, that the Plaintiff is a resident of Montgomery County, Maryland but is without sufficient information to admit or deny that Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant is without sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint.

7. In answer to the allegations in Paragraph 7 of the Complaint, Defendant avers that it was assigned the collection of a Chase Bank USA account owed by the Plaintiff.

8. In answer to the allegations in Paragraph 8 of the Complaint, Defendant avers that it is without sufficient information to admit or deny that its communications with the Plaintiff were subject to the Fair Debt Collection Practices Act.  In further answer, Defendant denies that it sent any communication to the Plaintiff in March, 2011 because it was not referred the account for collection until April 9, 2011.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint. In further answer, Defendant avers that it had not been referred the Plaintiff's account for collection until after the dates alleged.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. In answer to the allegations in Paragraph 20 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. In answer to the allegations in Paragraph 23 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. In answer to the allegations in Paragraph 26 of the Complaint, Defendant realleges and incorporates by reference its answer to the preceding paragraphs.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff can establish Defendant committed any violation of the Fair Debt Collection Practices Act, Defendant's liability is excused because any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors including, but not limited to, processes and programs whereby Defendant's telephone systems are programmed to exclude outbound calls during the hours when calls are not permitted under the Fair Debt Collection Practices Act.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a cause of action for which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has incurred any actual damages, Plaintiff has failed to mitigate those damages.

## FOURTH AFFIRMATIVE DEFENSE

This matter has been brought in bad faith and for the purposes of harassment and Defendant is entitled to attorney fees and costs in connection with its defense of this case.

WHEREFORE, having fully answered the Complaint, Defendant asks that it be dismissed, with prejudice, and that its all costs, expenses and attorney fees be paid by the Plaintiff.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
Bar No. 01024
11300 Rockville Pike  Suite 1200
Rockville, MD 20852
Telephone:  301-770-7490
Facsimile:  301-770-7493
E-Mail:  rcanter@roncanterllc.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual listed below by Electronic Notification on this 8th day of September, 2011 to:

>Morgan W. Fisher, Esquire
>Lawrence & Fisher, PLLC
>155 Duke of Gloucester Street
>Annapolis, MD  21401
>mwf@lawrence-fisher.com
>
>Amy K. Kline, Esquire
>35 Franklin Boulevard
>Reisterstown, MD  21136
>ab.kline@yahoo.com

Attorneys for Plaintiff

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
Attorney for Defendant